(57 South. 576.)

No. 19,210.

STATE ex rel. WILLIAMS v. EVERETT, Secretary of State.

In re EVERETT, Secretary of State.

(Jan. 9, 1912.)

*(Syllabus by the Court.)*

ELECTIONS (§ 123*) — MANDAMUS (§ 151*) — PRIMARY ELECTIONS—MANDAMUS—PARTIES.

Section 26 of Act 49 of 1906 provides that members of state central committees of all political parties shall be elected by the voters of the party at a direct primary. This requirement necessarily prohibits political committees from declaring unopposed candidates to be elected before the holding of the primary election. The names of all candidates for members of political committees, whether opposed or not, must be placed on the official ballots to be voted in the primary election. The right of candidates to have their names printed on the official ballots cannot be adjudicated in a mandamus proceeding to which they are not parties.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 114½ ; Dec. Dig. § 123;* Mandamus, Cent. Dig. §§ 291, 292; Dec. Dig. § 151.*]

Mandamus by the State, on the relation of Frank B. Williams, chairman of the Republican State Central Committee, to Edward Everett, Secretary of State. Application by the defendant for a writ of certiorari. Judgment reversed, and petition for mandamus dismissed.

Walter Guion, Atty Gen., and R. G. Pleasant, Asst. Atty. Gen. (Dinkelspiel, Hart & Davey, of counsel), for petitioner. W. J. Waguespack and Armand Romain, for Williams.

LAND, J. Plaintiff, as chairman of and in behalf of the Republican state central committee, applied to the court a qua for a writ of mandamus commanding the Secretary of State to receive, accept, and file, and carry out the resolution of the said committee, adopted October 31, 1911, declaring certain persons elected as members of the Republican state committee, and leaving but one contest in the state of Louisiana, to wit, in the Seventh ward of the city of New Orleans. The mandamus was made peremptory, and the case is before us on a writ of certiorari granted on the application of the Secretary of State. In the court below the respondent filed a number of technical exceptions to the proceedings, which were overruled, and the case decided on its merits. The mandamus was made peremptory.

On October 3, 1911, the Republican state central committee met and adopted resolutions ordering a primary election for Janu-

ary 24, 1912, to nominate candidates for state officers and to elect a new Republican state central committee, and providing that candidates for members of said committee must file with the chairman notices of their candidacy in duplicate, one copy for the Secretary of State and one copy for the committee. The committee then adjourned to meet on October 31, 1911. In the interim some 98 persons filed their respective duplicate declarations of candidacy with the chairman, who forwarded one copy of each declaration to the Secretary of State. When the committee met on October 31, 1911, they found that all the positions on the committee, except two, were uncontested.

The committee, thereupon, by resolution declared the unopposed candidate to be the nominees of the Republican party for members of the Republican state central committee to serve for the next four years, and ordered that the two contests be decided at the primary election. In the meantime 68 persons, ignoring the resolution of the committee of date October 3, 1911, filed their declaration of candidacy for membership with the Secretary of State. When that official was called upon by the committee to recognize and enforce the resolution of October 31, 1911, he declined to do so, on the ground that the committee had no jurisdiction to receive declarations of candidates, and to recognize candidates as nominated or elected as members of the committee. In other words, the contention of the Secretary of State was that all candidates for membership were bound to file their respective declarations in his office, and that he was bound to print on the ballots for the primary election the names of all the candidates who had so filed their declarations. Section 26 of Act 49 reads as follows:

"The state central committees and all other subordinate or local committees of all the political parties coming within the provisions of this act, as now constituted, are hereby recognized as the legal committees and the governing authorities of the said political parties. That the members thereof shall hold their offices as members of said committees for the term for which they have been already elected. That they are authorized to make any rules and regulations for their government not in conflict with any provisions of this act. That the state central committees of all political parties, as now constituted, shall direct and order how all subordinate or local committees shall be organized or constituted, fix their number, regulate their term of office, provided same shall not be for a longer term than four years, and the time of their election, provided, however, that the members of all committees shall be elected in a direct primary. That the state central committee of all political parties in this state shall consist of one member from each parish and one member from each of the wards of the parish of Orleans, and three members at large from each congressional district to be voted for within their respective congressional districts, and shall be voted for by the voters of the party at the same primary election held to nominate candidates for Governor and other state officers who are to be voted for throughout the entire state."

This is the only section of the primary law that mentions or refers to members of political committees, and it provides for their *election*, and is silent as to their *nomination*. It is evident that a statute, which requires members of political committees to be *elected*, by the voters of the party, by necessary implication forbids their selection in any other mode. Hence there is no difficulty in reaching the conclusion that the Republican state committee had no authority to declare that the unopposed candidates were *elected* as members. Counsel for plaintiff in their brief say:

"The making of the writ peremptory will mean that the Secretary of State must receive, accept, and file and carry out the resolution declaring the nominations for members of the state central committee by not preparing and distributing any ballots for a Republican primary on January 24, 1912."

In other words, the court is requested to hold that all the members of the new central committee have already been *elected*. The Secretary of State proposes to print on the ballots for said primary election the names

of all candidates for members of the central committee whose declarations have been filed in his office. It appears that, besides the candidates recognized by the state central committee, 68 other persons have filed with the Secretary of State their respective declarations of candidacy for· membership. These 68 persons are not parties to this proceeding, and the court therefore cannot adjudicate their claims to be placed upon the ballots to be voted in the next Republican primary.

We are therefore constrained to deny the specific relief sought in this proceeding, without passing upon other interesting questions discussed by counsel.

It is therefore ordered that the judgment below be reversed, and it is now ordered that the petition for a mandamus be dismissed, with costs in both courts.